UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANAN
LAFAYETTE OPELOUSAS DIVISION

| | |
|---|---|
| **SHAWN ROMERO** | **CIVIL ACTION NO.:** _____ |
| **VERSUS** | **DISTRICT JUDGE:** _____ |
| **UNITED STATES OF AMERICA, a sovereign government amenable to suit through and with respect to claims against the DEPARTMENT OF THE ARMY, US ARMY CORPS OF ENGINEERS, MEMPHIS DISTRICT, JEFFREY CANNADY, BUDGET RENT A CAR SYSTEM, INC., AVIS BUDGET CAR RENTAL, LLC d/b/a the AVIS BUDGET GROUP, PV HOLDING CORP., and SEDGWICK CLAIMS MANAGEMENT SERVICES INC.** | **MAGISTRATE JUDGE:** _____ |

**COMPLAINT FOR DAMAGES, PENALTIES, AND FEES**

**NOW INTO COURT,** through undersigned counsel, comes and appears **SHAWN ROMERO ("Plaintiff")**, of the age of majority, domiciled in Vermilion Parish, Louisiana, who with respect represents that:

1.

Made Defendants in this matter are:

**(1)   UNITED STATES OF AMERICA ("USA"),** a sovereign government amenable to suit through and with respect to claims against the **DEPARTMENT OF THE ARMY, US ARMY CORPS OF ENGINEERS, MEMPHIS DISTRICT ("USACE")** (Collectively referred to hereinafter as "USA/USACE") who has designated as it's registered agent for service of process and service can be effectuated pursuant to F. R. C. P. 4(i), by serving the following via certified or registered mail:

    A.    The Honorable Brandon B. Brown
U.S. Attorney for the Western District of Louisiana
Through the Civil Process Clerk for his office
Western District of Louisiana
300 Fannin Street, Suite 3201
Shreveport, Louisiana 71101

    B.    The Honorable Merrick B. Garland
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

    C.    DEPARTMENT OF THE ARMY, US ARMY CORPS OF ENGINEERS, MEMPHIS DISTRICT
Attn: Office of Counsel
167 North Main Street, B-202
Memphis Tennessee, 38103-1894

**(2)** **JEFFREY CANNADY ("CANNADY"),** a person of the full age of majority, domiciled in and a resident of Meade County, Kentucky, who at all times pertinent was acting in the course and scope of his employment with the United States Army Corps of Engineers, who is sued in his official and individual capacities, and can be served at 60 Blair Rd., Brandenburg, KY 40108. Plaintiff additionally serves this complaint as made against CANNADY upon the USA and the USACE pursuant to FRCP Rule 4(i)(2) and (3).

**(3)** **BUDGET RENT A CAR SYSTEM, INC. ("BUDGET")**, a non-Louisiana corporation domiciled in Wilmington, Delaware, licensed to do and doing business in the state of Louisiana, with its principal business office in Louisiana located at 501 Louisiana Avenue, Baton Rouge, LA 70802, which has appointed as its registered agent for service of process, Corporation Service Company, which can be served at 501 Louisiana Avenue, Baton Rouge, LA 70802;

**(4)** **AVIS BUDGET CAR RENTAL, LLC d/b/a the AVIS BUDGET GROUP ("AVIS BUDGET")**, a non-Louisiana limited liability company domiciled in Wilmington, Delaware, licensed to do and doing business in the state of Louisiana, with its principal business office in Louisiana located at 501 Louisiana Avenue, Baton Rouge, LA 70802, which has appointed as its registered agent for service of process, Corporation Service Company, which can be served at 501 Louisiana Avenue, Baton Rouge, LA 70802;

**(5)** **PV HOLDING CORP. ("PV HOLDING")**, a non-Louisiana corporation domiciled in Wilmington, Delaware, licensed to do and doing business in the state of Louisiana,

with its principal business office in Louisiana located at 501 Louisiana Avenue, Baton Rouge, LA 70802, which has appointed as its registered agent for service of process, Corporation Service Company, which can be served at 501 Louisiana Avenue, Baton Rouge, LA 70802; and

**(6)** **SEDGWICK CLAIMS MANAGEMENT SERVICES INC. ("SEDGWICK")**, a non-Louisiana corporation domiciled in Chicago, Illinois, licensed to do and doing business in the state of Louisiana, with its principal business office in Louisiana located at 501 Louisiana Avenue, Baton Rouge, LA 70802, which has appointed as its registered agent for service of process, both the Louisiana Secretary Of State which can be served at 8585 Archives Ave., Baton Rouge, LA 70809, and Corporation Service Company, which can be served at 501 Louisiana Avenue, Baton Rouge, LA 70802.

Defendants are liable unto Plaintiff, jointly, severally, and in solido, for damages occasioned as a result of the accident/ tort complained of and as more fully alleged herein. In addition thereto, and as more fully alleged herein, Defendants, BUDGET, AVIS BUDGET, PV HOLDING, and SEDGWICK are jointly, severally, and in solido liable unto the Plaintiff for penalties, costs, and attorneys fees under La. R.S. 22:1821, et seq, in addition to all primary sums due under their obligations embodied in U.S. Car Rental Agreement No. 4/ Rental Agreement Number 346017243.

2.

At all times pertinent, CANNADY was an "employee of the government" acting within the scope of his employment with the USACE, specifically as a project engineer and/or manager and at the time of the accident complained of herein, was operating a vehicle in Lafayette, Lafayette Parish,, LA. Accordingly, the USACE is liable under the doctrine of *Respondeat Superior* under Federal and Louisiana law.

3.

All defendants are liable jointly, severally and in solido under Federal and Louisiana law.

4.

The Defendants' wrongful conduct complained of hereinafter with more particularity involves damages sustained by Plaintiff as a result of Defendant, CANNADY's gross negligence in Lafayette, La., located in Lafayette Parish, La. within the territorial jurisdiction of this Honorable Court.

5.

This Honorable Court has jurisdiction over this matter under 28 USCA § 1346 United States as a Defendant; Federal Tort Claims Act 28 USCA § 2671, et seq.; and Federal Question jurisdiction 28 USCA § 1331.

6.

Venue is proper with this Honorable Court as the tort complained of and damages suffered all occurred within the territorial boundaries of this district.

7.

Furthermore, as various Louisiana state law claims are related to, arise out of and form a part of the same case or controversy, Plaintiff further asserts any and all claims under Louisiana State law over which this Honorable Court has supplemental jurisdiction under 28 USC § 1367.

8.

Plaintiff presented her claims in writing to the USACE as provided for under the applicable federal laws and regulations on July 7, 2022, and more than six months has elapsed since USACE's receipt of the claim presentation. Plaintiff has complied with all jurisdictional prerequisites therein.

9.

As alleged below, the USACE has not tendered any offer to settle this matter as the result of an agreement, U.S. Car Rental Agreement No. 4/ Rental Agreement Number 346017243, between

the USA/USACE and BUDGET, AVIS BUDGET, and/or PV HOLDING (collectively hereinafter, the "BUDGET ENTITIES") wherein the BUDGET ENTITIES agreed to protect the U.S. Government and its employees against liability for personal injury, death, and property damage arising from the USA and its employees' use of rental vehicles under the agreement up to, in the instant matter, a sum of $100,000 for personal injury/wrongful death claims and $25,000 for property damage for each occurrence.

10.

Plaintiff incorporates herein, *en globo*, her claim submitted to the USACE via Standard Form 95 as if stated herein *in extenso*.

11.

Plaintiff however, further reserves the right to contest the legal and/or jurisdictional necessity of administrative claim filing as a consequence of the inaction and failure on the part of USACE, BUDGET RENT A CAR, and SEDGEWICK in regard to processing and evaluation of said claims. Furthermore, Plaintiff specifically invokes the "Futility Doctrine" as a basis for the waiver and/or inapplicability of all administrative claim filing requirements in this matter.

12.

Plaintiff asserts that newly discovered evidence which was not reasonably discoverable at the time her claims were submitted to USACE and intervening facts and events occurring since the time of the submission warrant an award of damages in excess of the amounts of the claims submitted by Plaintiff. Accordingly, Plaintiff seeks sums greater than those "sums certain" presented to USACE.

13.

Particularly, as Plaintiff, SHAWN ROMERO's medical recovery is ongoing, and will or may require further medical care in the future, Plaintiff could not know the future and/or permanent adverse effects of same upon her at the time of the submission of her claim to USACE. Plaintiff seeks to introduce evidence in support of her damages over and above those originally submitted which was not available to Plaintiff at the time of the submission of her claims to USACE.

**TORT CLAIMS**

14.

On January 9, 2021, the Plaintiff, SHAWN ROMERO was the owner and operator of a 2007 Nissan Altima, traveling west in the west bound lane of Verot School Road approaching its intersection with Vincent Road in Lafayette Parish, Louisiana.

15.

On said date and at the same time, Defendant, CANNADY, at all material times was the operator of a 2021 Mazda CX5F which he had rented from Budget Rental Car, on Vincent Road approaching its intersection with Verot School Road in Lafayette Parish, Louisiana.

16.

CANNADY, an employee of the USA/USACE, was in the State of Louisiana for purposes of a US Army Corps of Engineers project in Louisiana. CANNADY was employed by the USA/USACE and in the course and scope of employment therewith at the time of the accident. The USA/USACE is vicariously liable for the negligence of Defendant, CANNADY, under the doctrine of *Respondeat Superior*.

17.

At the time of the accident, CANNADY was operating a rental vehicle which was owned by the BUDGET ENTITIES, and as an employee of the USA USACE, CANNADY had rented said vehicle pursuant to an agreement, U.S. Car Rental Agreement No. 4/ Rental Agreement Number 346017243, between the USA/USACE and the BUDGET ENTITIES wherein the BUDGET ENTITIES agreed to protect the U.S. Government and its employees against liability for personal injury, death, and property damage arising from the USA and its employees' use of rental vehicles under the agreement. The BUDGET ENTITIES provided such protection as self-insurers/insureds on behalf of the USA/ USACE pursuant to said agreement.

18.

On the abovementioned date, CANNADY arrived at the intersection with a stop sign controlling his lane of travel and access onto Verot School Road. At the same time, Plaintiff was proceeding through the intersection on Verot School Road with no traffic signal controlling her lane of travel. CANNADY failed to observe the Plaintiff's vehicle and attempted to make a left turn onto Verot School Road, failing to yield the right of way to the Plaintiff. Plaintiff was unable to stop in time, or otherwise evade the Defendant's vehicle, thereby colliding with same, causing serious personal injury and property damages to the Plaintiff.

19.

Defendant, CANNADY, caused Plaintiff, a resident of this state, to suffer injury and damage by an offense or quasi offense committed through an act or omission in this state. Accordingly, Jurisdiction and Venue are proper in the Federal Western District of Louisiana, via federal law and the Louisiana Long Arm Statute, because the events giving rise to this suit occurred in Lafayette

Parish and the damages sustained occurred in Vermilion Parish.

20.

The above described accident was caused exclusively by the actions, inactions and negligence of Defendant, CANNADY, in the following non-exclusive particulars:

(1) Failing to yield the right of way at an intersection controlled by a stop sign;

(2) Failing to ensure that the way was clear for him to enter the roadway when turning left;

(3) Failing to observe the traffic conditions at all times pertinent, including the Plaintiff's oncoming vehicle;

(4) Failing to obey the traffic laws of Louisiana;

(5) Failing to keep his vehicle under control;

(6) Failing to drive his vehicle safely at all material times;

(7) Failing to see what he should have seen and do what he should have done under the circumstances;

(8) Careless Driving; and

(9) Other acts of negligence which will be shown at trial of this matter.

The USA/USACE as CANNADY's employer at all times pertinent is vicariously liable for the above acts of negligence on his part.

21.

Pursuant to an agreement, U.S. Car Rental Agreement No. 4/ Rental Agreement Number 346017243, between the USA/USACE and the BUDGET ENTITIES wherein the BUDGET ENTITIES agreed to protect the U.S. Government and its employees against liability for personal injury, death, and property damage arising from the USA and its employees, such as CANNADY's

use of the subject rental vehicle under the agreement up to, in the instant matter, a sum of $100,000 for personal injury/wrongful death claims and $25,000 for property damage for each occurrence. The BUDGET ENTITIES provided such protection as self-insurers/insureds on behalf of the USA/USACE pursuant to said agreement. Pursuant to said agreement, the BUDGET ENTITIES are liable unto the Plaintiff for the first $100,000 of her personal injury claim and the first $25,000 of her property damage claim, in solido with the USA/USACE and CANNADY.

22.

Due to the above described negligence of the Defendants, the Plaintiff **SHAWN ROMERO** has been caused to suffer the following non-exclusive injuries:

(1) Physical pain and suffering (past, present and future);

(2) Mental pain suffering and anguish (past, present and future);

(3) Lost wages and/or loss of earning capacity (past, present and future);

(4) Medical expenses (past, present and future);

(5) Loss of enjoyment of life/ inconvenience (past, present and future);

(6) Property damage;

(7) Loss of use of the vehicle (past present and future); and

(8) Any and all other damages to be proven at the trial of this matter.

23.

At all material times, the Plaintiff SHAWN ROMERO was operating here vehicle in a safe and prudent manner and did not cause or contribute to the collision forming the basis of this litigation.

**ACTION FOR PENALTIES, COSTS, and ATTORNEYS FEES**
**UNDER LA. R.S. 22:1821, ET SEQ**

24.

In addition to all claims asserted for damages resulting from the above described accident/tort, Plaintiff asserts claims for penalties, costs, and attorneys fees against Defendants, BUDGET, AVIS BUDGET, PV HOLDING (the BUDGET ENTITIES) and SEDGWICK pursuant to the provisions of La. R.S. 22:1821, et seq for the following reasons to wit:

25.

Plaintiff re-asserts, re-alleges, and re-states all prior allegations as if stated herein in extenso in support of her claims for penalties, costs, and attorneys fees against Defendants, BUDGET, AVIS BUDGET, PV HOLDING (the BUDGET ENTITIES) and SEDGWICK.

26.

At the time of the accident complained of herein, CANNADY was operating a rental vehicle which was owned by the BUDGET ENTITIES, and as an employee of the USA USACE, CANNADY had rented said vehicle pursuant to an agreement, U.S. Car Rental Agreement No. 4/ Rental Agreement Number 346017243, between the USA/USACE and the BUDGET ENTITIES. Per said agreement the BUDGET ENTITIES agreed to protect the U.S. Government and its employees, in this case, CANNADY, against liability for personal injury, death, and property damage arising from the USA and its employees' (CANNADY) use of the subject rental vehicle under the agreement up to, in the instant matter, a sum of $100,000 for personal injury/wrongful death claims and $25,000 for property damage for each occurrence.

27.

The BUDGET ENTITIES provided such protection as self-insurers/insureds on behalf of the USA/ USACE pursuant to said agreement. Further, per the said agreement, the BUDGET ENTITIES are liable unto the Plaintiff for the first $100,000 of her personal injury claim and the first $25,000 of her property damage claim, in solido with the USA/USACE and CANNADY.

28.

The agreement between the USA/USACE and the BUDGET ENTITIES, U.S. Car Rental Agreement No. 4/ Rental Agreement Number 346017243, wherein the BUDGET ENTITIES contractually agreed to insure the USA and its employees against such liability is one in which the BUDGET ENTITIES provided or contracted to provide health and accident benefit coverage as a self-insurer for the USA and its employees such as CANNADY and is thus subject to the provisions of La. R.S. 22:1821, et seq, including the provisions relating to penalties and attorney fees, without regard to whether the BUDGET ENTITIES are commercial insurers. Asccordingly, at all times, pursuant to this statue, SEDGWICK and the BUDGET ENTITIES had a duty to pay claims unto the Plaintiff after written notice and proof of loss in good faith.

29.

At all times pertinent, SEDGWICK was the duly appointed agent and mandatary of the BUDGET ENTITIES tasked with the third party administration of claims made against the USA and its employees such as CANNADY under the provisions of U.S. Car Rental Agreement No. 4/ Rental Agreement Number 346017243.

30.

SEDGWICK's acts and omissions complained of herein exceeded its authority under its

agency/mandate with the BUDGET ENTITIES and/or its authority by law, and is therefore liable unto the Plaintiff directly. Alternatively, SEDGWICK is liable in solido with the BUDGET ENTITIES as a result of its independent negligence, gross negligence, arbitrary and capricious conduct in the administration of the Plaintiff's claims resulting from the accident made the subject of this litigation.

31.

On July 7, 2022, Plaintiff submitted a Standard From 95 unto the USA/USACE, accompanied by complete sets of her medical records, recommendations from her surgeon for future surgical care, cost estimates for future recommended medical care, accident evidence, property loss evidence, existing medical expenses, estimates for future medical care, and all evidence necessary to establish the claims made for personal injury and property damage resulting from the subject accident.

32.

The evidence submitted along with the Standard Form 95 also served as satisfactory proof of loss and/or written notice and proof of claim under both Federal and State Law.

33.

As a result of the claim submission, attorneys/representatives from the USA/USACE notified the BUDGET ENTITIES of the Plaintiff's claims made pursuant to U.S. Car Rental Agreement No. 4/ Rental Agreement Number 346017243. At all times pertinent, the BUDGET ENTITIES were notified of and aware of the Plaintiff's claims submitted as well as Plaintiff's Satisfactory proof of loss, written notice, and proof of claim beginning on or around July 7, 2022, or shortly thereafter.

34.

Attorneys/representatives for the USA/USACE in turn notified Plaintiff that the claims made would need to be submitted to the BUDGET ENTITIES through its agent, SEDGWICK, that pursuant to U.S. Car Rental Agreement No. 4/ Rental Agreement Number 346017243, the BUDGET ENTITIES were liable unto the Plaintiff for the first $100,000 of her personal injury claim and the first $25,000 of her property damage claim.

35.

As a result, attorneys/representatives for the USA/USACE advised that the USA/USACE would not engage in settlement negotiations for the Plaintiff's personal injury or property damage claims unless and until the limits of the BUDGET ENTITIES' exposure for these claims had been exhausted and paid towards the Plaintiff's claims.

36.

At all times pertinent, SEDGWICK and the BUDGET ENTITIES had actual and constructive knowledge of the USA/USACE's position, that it would not engage unless and until the BUDGET ENTITIES limits of exposure were exhausted.

37.

Plaintiff in turn contacted employees of SEDGWICK to submit the claims for personal injury and property damage directly to it as agent for the BUDGET ENTITIES.

38.

On July 28, 2022, Plaintiff submitted to SEDGWICK the entire Standard From 95 along with all attachments, including but not limited to medical records, recommendations from her surgeon for future surgical care, accident evidence, property loss evidence, existing medical expenses, cost

estimates for future medical care, and all evidence necessary to establish the claims made for personal injury and property damage resulting from the subject accident. Plaintiff further expressly designated this submission as satisfactory proof of loss, written notice, and proof of claim for her personal injury and property damage claims.

39.

Over the course of the weeks and months that followed, SEDGWICK and the BUDGET ENTITIES failed to pay claims unto the Plaintiff after written notice and proof of loss in good faith, instead making woefully inadequate offers to settle the Plaintiff's personal injury claims- offers which never even rose to a sum sufficient to cover the Plaintiff's existing past medical expenses resulting from the accident, let alone all other aspects of her personal injury claims, including future medicals.

40.

SEDGWICK and the BUDGET ENTITIES provided no meaningful justification for the woefully inadequate offers, nor did they controvert any of the factual substance of the Plaintiff's claims. SEDGEWICK and the BUDGET ENTITIES merely advised that their offers were the result of their experience in the claims adjustment industry.

41.

At all times pertinent, with regard to Plaintiff's personal injury claims, no just and/or reasonable grounds, such as would put a reasonable and prudent businessman on his guard, existed which warranted SEDGEWICK and the BUDGET ENTITIES' total failure to pay claims unto the Plaintiff after written notice and proof of loss or their woefully inadequate offers to resolve such claims. SEDGEWICK and the BUDGET ENTITIES never performed an adequate investigation

and/or any substantive investigation at all into the Plaintiff's claims which would have even justified same.

42.

Accordingly, at all times pertinent, SEDGWICK and the BUDGET ENTITIES acted arbitrarily, capriciously, and with gross wilful and wanton disregard for the Plaintiff in failing to pay claims unto the Plaintiff after written notice and proof of loss in good faith for her personal injury claims in violation of La. R.S. 22:1821. Again, SEDGEWICK and the BUDGET ENTITIES have never even offered enough to cover the Plaintiff's past medical expenses resulting from the accident, let alone her future medicals as recommended by her surgeon.

43.

With regards to the Plaintiff's property damage claims, SEDGEWICK and the BUDGET ENTITIES failed to make a timely offer to resolve these claims altogether under the provisions of La. R.S. 22:1821. It was not until November 16, 2022, after Plaintiff notified SEDGWICK and the BUDGET ENTITIES of their failure in these regards, that the Defendants made a rushed tender, well after the fact. Such tender has not been accepted due to its untimeliness. Worse yet, in attempting to negotiate the property damage well after the legal delays had run, an employee of SEDGWICK made a materially false statement in attempting to justify its unjustified delay.

44.

As a result of SEDGWICK and the BUDGET ENTITIES' failure to timely pay the Plaintiff's property damage claims as well as its arbitrary, capricious, gross, wilful and wanton conduct in failing to pay the Plaintiff's personal injury claims, all after receiving written notice and proof of Plaintiff's personal injury and property damage claims, SEDGWICK and the BUDGET ENTITIES

have violated La. R.S. 22:1821 and are thus liable unto the Plaintiff for a penalty of double the amount of the benefits due under the terms of the U.S. Car Rental Agreement No. 4/ Rental Agreement Number 346017243 during the period of delay, together with attorney fees to be determined by the Court.

45.

Additionally, SEDGWICK and the BUDGET ENTITIES had express notice and were fully aware at all times pertinent that their failure to pay claims unto the Plaintiff after written notice and proof of loss in good faith would result in: 1) the USA/USACE delaying any settlement tenders or negotiations whatsoever; and 2) an approximate six month delay before the Plaintiff could take legal action against the USA/USACE or the BUDGET ENTITIES.

46.

At all times pertinent, SEDGWICK and the BUDGET ENTITIES had express notice of and were fully aware of the Plaintiff's dire need for surgery as recommended by her treating surgeon, and that the undue delay in payment of her claims would result in prolonged pain, unnecessary medical care, and eventually the Plaintiff's need to seek pain management care.

47.

In failing to pay claims unto the Plaintiff after written notice and proof of loss in good faith, SEDGWICK and the BUDGET ENTITIES knowingly caused the Plaintiff to suffer prolonged and unwarranted pain and suffering and caused increased unnecessary damages, pain and suffering.

48.

No just and/or reasonable grounds, such as would put a reasonable and prudent businessman on his guard, existed which warranted SEDGEWICK and the BUDGET ENTITIES' total failure to

pay claims unto the Plaintiff after written notice and proof of loss or their woefully inadequate offers to resolve such claims resulting in the unwarranted delay. SEDGEWICK and the BUDGET ENTITIES never performed an adequate investigation and/or any substantive investigation at all into the Plaintiff's claims which would have even justified this delay.

49.

Accordingly, in addition to penalties and attorneys fees provided by La. R.S. 22:1821, SEDGWICK and the BUDGET ENTITIES are independently negligent and liable unto the Plaintiff under federal and state general negligence laws for additional damages occasioned by the delay caused by their total failure to pay claims timely in accordance with Louisiana law, including but not limited to the following:

(1) Prolonged and additional unnecessary physical pain and suffering;

(2) Prolonged and additional unnecessary mental anguish and emotional distress;

(3) Prolonged and additional unnecessary medical expenses, care, and pain management care;

(4) Prolonged and additional unnecessary lost wages and/or loss of earning capacity (past, present and future);

(5) Prolonged and additional unnecessary loss of enjoyment of life/ inconvenience (past, present and future);

(6) Prolonged and additional unnecessary loss of use of the vehicle; and

(7) Any and all other damages to be proven at the trial of this matter.

50.

Plaintiff pleads the doctrine of res ipsa loquitur in support of all claims made herein.

WHEREFORE, the Plaintiff SHAWN ROMERO, prays that the Defendants, UNITED

STATES OF AMERICA, a sovereign government amenable to suit through and with respect to claims against the DEPARTMENT OF THE ARMY, US ARMY CORPS OF ENGINEERS, MEMPHIS DISTRICT, JEFFREY CANNADY, BUDGET RENT A CAR SYSTEM, INC., AVIS BUDGET CAR RENTAL, LLC d/b/a the AVIS BUDGET GROUP, PV HOLDING CORP., and SEDGWICK CLAIMS MANAGEMENT SERVICES INC. be served with a certified copy of this Complaint and thereafter, proceedings conducted and Judgment rendered herein in favor of the Plaintiff, SHAWN ROMERO, and against Defendants, UNITED STATES OF AMERICA, a sovereign government amenable to suit through and with respect to claims against the DEPARTMENT OF THE ARMY, US ARMY CORPS OF ENGINEERS, MEMPHIS DISTRICT, JEFFREY CANNADY, BUDGET RENT A CAR SYSTEM, INC., AVIS BUDGET CAR RENTAL, LLC d/b/a the AVIS BUDGET GROUP, PV HOLDING CORP., and SEDGWICK CLAIMS MANAGEMENT SERVICES INC., jointly, severally, and in solido together with legal interest thereon from date of judicial demand until paid and for all costs of these proceedings. Plaintiff further prays for any and all general, equitable, and declaratory relief to which she is or may be entitled.

                                  Respectfully submitted:

                                  */s/ Gordon Schoeffler*
BY:                               _____
                                GORDON J. SCHOEFFLER (#29412)
                                730 Jefferson St. (70501)
                                P. O. Box 4829
                                Lafayette, LA 70502
                                gordon@gjslawoffice.com
                                (337) 234-5505
                                (337) 261-0799 - FAX

                                *ATTORNEY FOR PLAINTIFF, SHAWN ROMERO*

**PLEASE PREPARE SUMMONS FOR THE FOLLOWING**:

**UNITED STATES OF AMERICA** through the **DEPARTMENT OF THE ARMY, US ARMY CORPS OF ENGINEERS, MEMPHIS DISTRICT** through the following:

A. The Honorable Brandon B. Brown
U.S. Attorney for the Western District of Louisiana
Through the Civil Process Clerk for his office
Western District of Louisiana
300 Fannin Street, Suite 3201
Shreveport, Louisiana 71101

B. The Honorable Merrick B. Garland
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

C. DEPARTMENT OF THE ARMY, US ARMY CORPS OF ENGINEERS, MEMPHIS DISTRICT
Attn: Office of Counsel
167 North Main Street, B-202
Memphis Tennessee, 38103-1894

**JEFFREY CANNADY**
60 Blair Rd.,
Brandenburg, KY 40108

Plaintiff additionally serves this complaint as made against CANNADY upon the USA and the USACE pursuant to FRCP Rule 4(i)(2) and (3).

**BUDGET RENT A CAR SYSTEM, INC.**
Through its registered agent for service of process,
Corporation Service Company
501 Louisiana Avenue
Baton Rouge, LA 70802

**AVIS BUDGET CAR RENTAL, LLC d/b/a the AVIS BUDGET GROUP**
Through its registered agent for service of process,
Corporation Service Company

501 Louisiana Avenue
Baton Rouge, LA 70802


**PV HOLDING CORP.**
Through its registered agent for service of process,
Corporation Service Company
501 Louisiana Avenue
Baton Rouge, LA 70802


**SEDGWICK CLAIMS MANAGEMENT SERVICES INC.**
Through its registered agent for service of process,
Corporation Service Company
501 Louisiana Avenue
Baton Rouge, LA 70802