UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **SHAWN ROMERO** | **CASE NO. 6:23-CV-00032** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **USA ET AL** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## MEMORANDUM RULING

Before the Court is Plaintiff's Motion to Compel and for Attorney's Fees and Costs (Rec. Doc. 23). Defendants, Budget Rent A Car System, Inc., Avis Budget Car Rental, LLC PV Holding Corp. (collectively at times "the Budget Defendants"), and Sedgwick Claims Management Services, Inc. opposed the motion (Rec. Doc. 33), Plaintiff replied (Rec. Doc. 35), and Defendant filed a sur-reply (Rec. Doc. 42).

Plaintiff filed this Federal Tort Claims Act (FTCA) suit following an auto accident in which US Army Corps of Engineers ("USACE") employee/contractor Cannady allegedly ran a stop sign. (Rec. Doc. 1; 37). Plaintiff alleges that Cannady was employed as a project engineer or manager by the US government at the time of the accident and was driving a vehicle rented from Budget. (Rec. Doc. 37, ¶14-17). He seeks damages for his alleged injuries and penalties, costs, and attorneys' fees under La. R.S. 22:1821, 22: (Louisiana's insurance penalty statutes) (¶22-49).

On September 15, 2023, Plaintiff propounded interrogatories and requests for production to the Budget Defendants and Sedgwick seeking (as pertinent to the instant motion) responses regarding Budget's relationship with Sedgwick, information regarding Budget and Sedgwick's handling of Plaintiff's claim, and applicable insurance policies, *inter alia*. (Rec. Doc. 23-5; 23-6). At the same time, Plaintiff's counsel also requested available dates to depose Sedgwick adjuster, Joel Cromika. (Rec. Doc. 23-7). Having received no responses, Plaintiff's counsel conducted a telephone conference with Budget and Sedgwick's counsel on October 19, 2023, and gave them a three-week extension, until November 9, 2023, to provide responses. (Rec. Doc. 23-7). Defendants' counsel also agreed to provide available deposition dates for Cromika. (Rec. Doc. 23-7, p. 3). Plaintiff's counsel agreed to accommodate Defendants' counsel's time constraints and medical issues and provided a second extension, until November 22, 2023, for Defendants to respond; however, Plaintiff's counsel again stressed the need to schedule Cromika's deposition as soon as possible. (Rec. Doc. 23-7, p. 5-6).

Defendants first provided discovery responses on November 22, 2023, producing copies of the Budget rental agreement (front side only), the accident report, and relevant photographs. (Rec. Doc. 23-11 Rec. Doc. 23-8; Rec. Doc. 23-14;). Defendants further responded that Budget Truck Rental LLC provided Basic Liability Protection of $100,000/$300,000 but did not provide a copy of a policy or

any other evidencing documents. (Rec. Doc. 23-8, Ans. to Interrogatory No. 15; Res. to Req. No. 1[1]). Although Defendants referenced U.S. Car Rental Agreement No. 4, they did not provide a copy.[2] (Rec. Doc. 23-14, Res. to Req. No. 16). Defendants objected to producing any information or documents related to Budget, Sedgwick, and/or the USA's claim handling, including the claims file, as well as any information or documents related to Budget and Sedgwick's contract. (See e.g. Rec. Doc. 23-8, Res. to Req. No. 12; Rec. Doc. 23-14, Res. to Req. No. 10).

Following at least one phone conference and detailed email exchanges and correspondence regarding Defendants' purported deficiencies (Rec. Doc. 23-12; 23-13), Plaintiff filed the instant motion seeking to compel Defendants to produce information pertaining to (1) Budget and Sedgwick's relationship; (2) Budget/Sedgwick's claims adjustment; (3) Budget/Sedgwick's payment of benefits to the USA or Cannady; (4) Budget's asserted immunity under La. R.S. 29:735; (5) Budget/Sedgwick's relationship and contracts with the USA; (6) Budget/Sedgwick's reporting of the accident to the USA; (7) copies of applicable insurance policies; (8) the applicability of the car rental agreement to specific pick-up and return locations in this case; (9) Sedgwick's post-notice investigation, adjustment of claim, and offer

---

[1] Defendants referred to the Budget Rental Agreement at Rec. Doc. 23-11, p. 1, which does not evidence the Basic Liability Protection.
[2] Plaintiff does not appear to be seeking to compel production of Agreement No. 4, which may already be in his possession.

to settle; and (10) depositions of Sedgwick adjusters Cromika and Tilson. (See Rec. Doc. 23-2 for list of specific discovery requests related to each topic). Plaintiff also seeks attorney's fees and costs as sanctions for Defendants' ongoing failure to provide adequate discovery responses or deposition dates.

Defendants eventually provided a copy of the back side of the Budget rental agreement (the "jacket") evidencing Budget Truck Rental LLC's potential insurance coverage as an attachment to Defendants' January 18, 2024 opposition to Plaintiff's motion. (Rec. Doc. 33-2). Otherwise, Defendants maintained objections for privilege and relevance, among other boilerplate objections. Defendants further contended in their January 18, 2024 opposition that "[d]ue to time constraints, [they] are in the process of supplementing its discovery responses … and will provide to opposing counsel in the near future and prior to the hearing[.]" (Rec. Doc. 33, p. 4).

Defendants provided amended supplemental responses on January 26, 2024, the Friday before the Court's hearing on Monday, January 30, 2024. (Rec. Doc. 38-5). At that time, Defendants first provided a privilege log identifying a single document, "Document Listing All of budget's Participating Locations," which the parties stated at the hearing was nevertheless produced to Plaintiff. Defendants did not produce any claims file materials or otherwise identify claims file materials in the privilege log. (Rec. Doc. 38-6).

4

## **Applicable Law**

### I. <u>The Scope of Discovery and Privilege</u>

F.R.C.P. Rule 26(b) governs the scope of discovery:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Objections to written discovery must be specific and with stated reasons. F.R.C.P. Rule 33(b)(4); Rule 34(b)(2)(B). Boilerplate objections are unacceptable. *Enron Corp. Sav. Plan v. Hewitt Assocs., L.L.C.,* 258 F.R.D. 149, 159 (S.D. Tex. 2009); see also *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles,* 894 F.2d 1482, 1485 (5th Cir.1990).

Defendants primarily assert objections based on relevance and privilege.[3]

Regarding the privilege of work-product, Rule 26 (b)(3)(A) states:

> Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney,

---

[3] Although Defendants broadly assert that the discovery was overly broad and unduly burdensome, Defendants did not present any evidence of the burdens they must bear to provide the requested information.

> consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if:

(i)      they are otherwise discoverable under Rule 26(b)(1); and

(ii)      the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

The protection from disclosure envisioned by Rule 26(b)(3), referred to as the work-product doctrine, "can apply where litigation is not imminent, 'as long as the primary motivating purpose behind the creation of the document was to aid in possible future litigation.'" *In re Kaiser Aluminum & Chem. Co.,* 214 F.3d 586, 593 (5th Cir. 2000), citing *United States v. El Paso Co.,* 682 F.2d 530, 542 (5th Cir.1982). The party invoking the doctrine has the burden of proof to show that the documents in question were prepared in anticipation of litigation. *Conoco Inc. v. Boh Bros. Const. Co.,* 191 F.R.D. 107, 117 (W.D. La. 1998).

The court's threshold determination is whether the documents sought to be protected were, in fact, prepared in anticipation of litigation or whether they were prepared in the ordinary course of business. *El Paso Co.*, 682 F.2d at 542. Under Fifth Circuit jurisprudence a document is prepared in anticipation of litigation "as long as the primary motivating purpose behind the creation of the document was to aid in possible future litigation." *Id.*; *United States v. Davis,* 636 F.2d 1028, 1039 (5th Cir.1981). In determining the primary motivation for the creation of a document, courts look to various factors, including, "the retention of counsel and his

6

involvement in the generation of the document and whether it was a routine practice to prepare that type of document or whether the document was instead prepared in response to a particular circumstance." *Carroll v. Praxair, Inc.,* No. 2:05CV00307, 2006 WL 1793656, at *2 (W.D. La. June 28, 2006), citing *Electronic Data Systems Corporation v. Steingraber,* 2003 WL 21653414, *5 (E.D.Tex.2003), citing *Piatkowski v. Abdon Callais Offshore, LLC,* 2000 WL 1145825, *2 (E.D.La.2000). The involvement of an attorney is not dispositive of the "in anticipation of litigation" issue, but it is a highly relevant factor. *Hercules Liftboat Co. v. Rice,* No. 6:11-CV-02111, 2012 WL 4483557, at *1 (W.D. La. Sept. 26, 2012); *Fieldwood Energy, L.L.C. v. Diamond Servs. Corp.,* No. CIV.A. 14-650, 2015 WL 1415501, at *2 (E.D. La. Mar. 27, 2015).

> The attorney-client privilege also protects certain documents from disclosure:
>
> The attorney-client privilege limits the normally broad disclosure requirements of Federal Rule of Civil Procedure 26. For a communication to be protected under the privilege, the proponent must prove: (1) that he made a *confidential* communication; (2) to a lawyer or his subordinate; (3) for the primary purpose of securing either a legal opinion or legal services, or assistance in some legal proceeding. Determining the applicability of the privilege is a "highly fact-specific" inquiry, and the party asserting the privilege bears the burden of proof. Once the privilege has been established, the burden shifts to the other party to prove any applicable exceptions. Ambiguities as to whether the elements of a privilege claim have been met are construed against the proponent.

*Equal Emp. Opportunity Comm'n v. BDO USA, L.L.P.,* 876 F.3d 690, 695 (5th Cir. 2017) (cleaned up).

Defendants maintain that their file materials, including both pre-suit and post-suit claim notes and the like, are protected by the work-product and attorney-client privilege; however, Defendants did not timely provide a privilege log as required by F.R.C.P. Rule 26(b)(5), which states:

> When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:
>
> (i) expressly make the claim; and
>
> (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

Defendants did not provide a privilege log until the Friday before the Monday hearing on Plaintiff's motion to compel. (Rec. Doc. 38-5; 38-6). Defendants nonetheless produced the only document identified on the privilege log (a listing of locations). Remarkably absent from the privilege log are any claims materials, agreements, or other materials for which Defendants have asserted boilerplate privilege objections. As further discussed below, the Court agrees that materials related to Defendants' claims handling, including the claims file, is relevant. Thus, the Court shall order Defendants to produce such information from the date of the accident to the present, redacted of attorney-client communications, mental impressions, and other information *specifically* and *supportably* protected by the privilege.

8

## II. Defendants' Objections to Relevance

The most substantive of Defendants' objections to Plaintiff's discovery is that information regarding Budget/Sedgwick's handling of the claim, including its adjusters' depositions, is irrelevant, because Plaintiff, as a third-party claimant, lacks the ability to pursue bad faith penalties.

Plaintiff asserts claims for penalties and attorneys' fees under Louisiana's bad faith insurance statutes, La. R.S. 22:1821, 22:1892, and 22:1973. (Rec. Doc. 37). Section1821 applies to health and accident insurers, including self-insurers of health and accident policies. Although the Court agrees with Plaintiff that Budget is a self-insurer and thus *potentially* subject to the bad faith statutes (see *Provost v. Unger*, 949 F.2d 161, 164 (5th Cir. 1991) and § 3:17 Permittees—Rental agreements, 15 La. Civ. L. Treatise, Insurance Law & Practice § 3:17 (4th ed.), discussing *Hearty v. Harris*, 574 So. 2d 1234 (La. 1991),[4] the Court does not agree that §1821 applies to Budget in its capacity as an *auto liability* insurer. See § 11:20. Health and accident insurance—Statutory provisions, 15 La. Civ. L. Treatise, Insurance Law & Practice § 11:20 (4th ed.) ("La. R.S. 22:1821(C) states that anyone who provides *health and*

---

[4] These authorities support that Budget, as a self-insurer, may thus be classified as an insurer in certain contexts. Defendants did not cite, and the Court is not aware of, any authority which excludes self-insurers from the auto carrier penalty statutes. The possibility that self-insurers *may* be subject to penalties is sufficient to render the requested information relevant.

9

*accident* benefits as a self-insurer shall be subject to the provisions of this section, including penalties and attorney fees." [emphasis added]). However, the Court does not agree with Defendants that third-party claimants are without the recourse of penalties. Indeed, La. R.S. 22:1973 enumerates certain conduct which could subject a third-party insurer to penalties such as misrepresenting pertinent facts or insurance policy provisions relating to any coverages. §1973(B)(1). Plaintiff has alleged enough facts to at least state a claim for relief.[5] Regardless of the merits of Plaintiff's bad faith claims, the claims exist and are thus sufficient to establish the relevance of Budget/Sedgwick's non-privileged claims adjustment information, including the claims file and deposition(s) of the responsible adjuster(s). The Court shall order Budget/Sedgwick to produce all documents responsive to Budget/Sedgwick Interrogatories 8, 9, 13, 14, 16, 20, 21, & 22 and Req. 8, 9, 10, 11, 15, 18, 21 – 25, & 30, and Sedgwick Req. 31 – 34, and to supplement said responses accordingly. The Court shall also order Budget/Sedgwick to produce the responsible adjusters for depositions.

Defendants further object on the basis of relevance to producing contracts between Budget and Sedgwick and between Budget/Sedgwick and the USA. Although Plaintiff's claims against Sedgwick, as a third-party administrator, may be

---

[5] The Court in no way passes judgment on whether Plaintiff's bad faith claims are viable or meritorious.

10

tenuous, the Court finds that documents pertaining its claims adjustment on Budget's behalf, including any agreement relative to this claim, is relevant to whether Sedgwick or Budget is liable for any misrepresentation. Any contractual agreement between Budget/Sedgwick and the USA is relevant to the issue of coverage and liability limits, as is information pertaining to any other accident-related payments made. Hence, the Court shall order Budget/Sedgwick to produce all documents responsive to Budget and Sedgwick Interrogatories 6, 10, 24 and Req. 12, 14, & 26 and to supplement said responses accordingly.

Plaintiff seeks information relative to Budget's asserted immunity pursuant to La. R.S. 29:735(A)(1). Defendants did not oppose the motion to compel in this regard, and the Court agrees the information is relevant insofar as Budget purports to rely on the immunity. The Court shall order Budget/Sedgwick to produce all documents responsive to Budget and Sedgwick Interrogatory 19 and Req. 19 & 20 and to supplement said responses accordingly.

Plaintiff seeks information relative to Budget/Sedgwick's reporting of the accident to any government agency. Defendants did not oppose the motion to compel in this regard, and the Court agrees the information is relevant insofar as Plaintiff filed this suit under the Federal Tort Claims Act and was bound by applicable administrative procedures. The Court shall order Budget/Sedgwick to produce all

11

documents responsive to Budget and Sedgwick Interrogatory 25 and Req. 27 & 29 and to supplement said responses accordingly.

Plaintiff also sought to compel production of applicable insurance policies and facts pertaining to the applicability of the US Car Rental Agreement No. 4 to the specific rental pick-up and return locations; however, it appears this information has now been produced.

To the extent Defendants have identified and produced all information in their possession responsive to the foregoing interrogatories and requests, they shall amend their responses to specifically state as much. The Court will not tolerate further boilerplate objections. The parties may submit a proposed protective order relative to any confidential, proprietary, or commercial information.

### III.  Sanctions

Under Rule 37, the Court may award costs and attorney's fees to the prevailing party as a sanction for discovery transgressions:

> If the motion [to compel] is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> (i)   the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

    (ii)    the opposing party's nondisclosure, response, or objection was substantially justified; or

    (iii)    other circumstances make an award of expenses unjust.

F.R.C.P. Rule 37(a)(5)(A)

The Court finds an award of costs and attorney's fees warranted. Defendants' egregious use of boilerplate objections without stating specific reasons, failure to provide a useful privilege log, failure to provide the rental "jacket" evidencing the applicable coverage until filing the opposition to this motion, and failure to produce responsible adjusters for depositions despite promising to do so, resulted in Plaintiff's counsel's expenditure of 23.3 hours of legal work. (Rec. Doc. 40). This unnecessary work included multiple phone calls, voluminous emails, a 43-page letter regarding deficiencies in original responses, and a 36-page motion to compel. Defendants' response to Plaintiff's ongoing efforts has been to promise supplemental responses, only to later object with boilerplate, meaningless, and/or inapplicable objections. These tactics have resulted in delayed proceedings, as evidenced by the fact that Plaintiff did not learn the identity of the responsible insuring budget entity, Budget Truck Rental, LLC, until January 18, 2024, over one year after she filed suit. Thus, the Court shall award Plaintiff costs and attorney's fees in the amount $5,825.00, a sum which the Court finds reasonable in these circumstances.

**Conclusion**

For the reasons discussed herein, Plaintiff's Motion to Compel and for Attorney's Fees and Costs (Rec. Doc. 23) is GRANTED, and Plaintiff is awarded $5,825.00 in attorney's fees as a sanction under Rule 37.

THUS DONE in Chambers, Lafayette, Louisiana on this 2nd day of February, 2024.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE