UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

SHAWN ROMERO                                               CASE NO. 6:23-CV-00032

VERSUS                                                     JUDGE ROBERT R. SUMMERHAYS

USA, ET AL.                                                MAGISTRATE JUDGE WHITEHURST

<u>ORDER</u>

Before the Court is the United States's Motion to Dismiss, filed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.[1] Plaintiff Shawn Romero opposes the motion, and the United States has filed a reply.[2] This Federal Tort Claim Act ("FTCA") case arises out of a collision between a vehicle driven by the Plaintiff and a vehicle driven by Jeffrey Cannady, an employee of the United States Army Corps of Engineers ("the Corps"). At the time of the accident, Cannady was deployed to Louisiana as a "Debris Quality Assurance Inspector" for a "Debris Removal Emergency Response Mission" following Hurricane Laura.[3]

The United States moves to dismiss the case, arguing the Court lacks subject matter jurisdiction. Specifically, the United States argues that the limited waiver of sovereign immunity in the FTCA does not apply here because Cannady, and in turn the United States, is immune from suit under the Louisiana Homeland Security and Emergency Assistance and Disaster Act ("LHSEADA").[4] As summarized by Judge Fallon, the LHSEADA grants immunity from liability for the negligence of "any individual who is (1) a representative of the State of Louisiana, (2) engaged in emergency preparedness activities, and (3) is acting in compliance with the

---

[1] ECF No. 67.
[2] *See* ECF Nos. 69, 71.
[3] ECF No. 67-1 at 7-8.
[4] La. R.S. 29:735.

LHSEADA."[5] The United States argues that Cannady and the Corps were acting as representatives of the State of Louisiana in connection with Hurricane Laura relief efforts and thus are protected by the immunity provision in the LHSEADA.

In deciding a Rule 12(b)(1) motion to dismiss, a court may rely on "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."[6] The Court has reviewed the evidence submitted in connection with the United States' Rule 12(b)(1) motion and concludes that there are disputed questions of fact that cannot be resolved on the present record with respect to whether Cannady and the Corps were acting as representatives of the State at the time of the accident. The Court notes that this case is currently set for a bench trial in less than 60 days. The United States is free to raise and present evidence on its immunity defense at trial. The Court will provide more detailed reasons for its ruling on the record at the pre-trial conference set on February 20, 2025. Accordingly,

IT IS ORDERED THAT the United States' Motion to Dismiss under Rule 12(b)(1) [ECF No. 67] is DENIED.

THUS DONE in Chambers on this 29th day of January, 2025.

ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE

---

[5] *Lumpkin v. Lanfair*, No. 09-6248, 2010 WL 3825427, at *3 (E.D. La. Sept. 23, 2010); *see also Breaux v. Worrell*, 6:22-CV-05169, 2024 WL 263943, at *4 (W.D. La. Jan. 24, 2024).
[6] *Moore v. Bryant*, 853 F.3d 245, 248 (5th Cir. 2017) (quoting *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)).